UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CHARLES MORALES AND VERNA MORALES | * | CIVIL ACTION |
| VERSUS | * | NO: 06-6336 |
| STATE FARM INSURANCE COMPANY AND MEL NELSON | * | SECTION: "D"(4) |

**ORDER AND REASONS**

Before the court is the **"Motion to Remand"** filed by Plaintiffs, Charles Morales and Verna Morales. Defendant, State Farm Fire and Casualty Company, filed a memorandum in opposition. The motion, set for hearing on Wednesday, February 14, 2007, is before the court on briefs, without oral argument. Now, having considered the memoranda of counsel, the record, and the applicable law, the court finds that the motion should be granted.

**I. Background**

In this Katrina-related lawsuit, Plaintiffs initially filed suit in the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana, against State Farm, who allegedly issued them a homeowner's insurance policy, and local agent, Mel Nelson. Plaintiffs generally claim that as a result of Hurricane

Katrina, their home was damaged, but that State Farm has unreasonably denied their claim for damages based on the "opinion that the home and property were destroyed by flood and not wind." (Petition at ¶ VI).

As to the in-state Defendant Nelson, Plaintiffs allege that Nelson, "as agent, advised and recommended various policies, limits, and deductibles to plaintiffs upon purchasing insurance." (Petition at ¶IV). Plaintiffs further allege that Nelson was negligent because he:

1) Failed to properly and accurately advise plaintiff of applicable exclusions in their policy;

2) Failed to provide plaintiffs with a copy of their policy and explain the applicable exclusions;

3) Failed to provide plaintiffs with enough coverage to protect the total value of plaintiffs' property;

4) Failed to assess the damage as wind damage on a home which defendant knew was susceptible to high winds and with knowledge the winds reached in excess of 100 - 150 mph; and

5) Failed to notify State Farm Insurance Company as the agent for plaintiffs that their home was located in an area susceptible to high winds and that their home should not be denied as a rule like the flooded homes being denied in Mereaux, Chalmette, and Arabi areas of St. Bernard Parish.

(Petition at VIII).

State Farm removed the matter to this court invoking diversity jurisdiction on its contention that the in-state Defendant Nelson was fraudulently or improperly joined.[1] In their Motion to Remand, Plaintiffs contend that State Farm has not met its burden of showing fraudulent joinder.

In its opposition to Plaintiffs' Motion to Remand, State Farm argues that Plaintiffs have failed to state a claim against Nelson, and alternatively, any possible claims are perempted under LSA-R.S. 9: 5606.[2] State Farm also attached the Affidavit of Mel Nelson,[3]

---

[1] In its removal papers, State Farm also contends that the court has jurisdiction under the Multiparty, Multiforum Trial Jurisdiction Act (MMTJA), 28 U.S.C. §1369. However, State Farm has abandoned this jurisdictional basis in its opposition to Plaintiff's Motion to Remand. For completeness of the record, the court finds that the MMTJA does not confer federal jurisdiction in this case, because as the Eastern District has consistently found, Katrina is not an "accident" within the meaning of the MMTJA. Further, there is no basis for piggy-back jurisdiction under 28 U.S.C. §1441(e)(1).

[2] LSA-R.S. 9:5606 provides:

> A. No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, **in all events such actions shall be filed at the latest within three years from the data of the alleged act, omission, or neglect.**

who avers:

> 3. That he did **not procure** State Farm Homeowners' Policy No. 18-90-8987-9 issued to Charles and Verna Morales which originally became effective on July 25, 1977.
>
> 4. That said policy was transferred to him for servicing sometime prior to July 1991. [S]aid policy was in effect on August 29, 2005 and the anti-concurrent language and water damage exclusions were present in the policy since it was transferred to him for servicing sometime prior to 1991.
>
> 5. That Charles and Verna Morales also purchased flood insurance to cover them for rising water or flood damage and cancelled their flood policy on or about June 21, 2004.

---

> B. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.
>
> C. The peremptive period provided in Subsection A of this Section shall not apply in cases of fraud, as defined in Civil Code Article 1953.
>
> D. The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.

LSA-R.S. 9:5606 (emphasis added).

[3] In deciding whether a defendant has been improperly joined, the court may "pierce the pleading" and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for his claim. *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462-63 (5th Cir. 2003, *citing Travis v. Irby*, 326 F.3d 644, 648-49 (5th Cir. 2003).

> 6. That the policy limits in both of the above policies were those requested by Charles and Verna Morales.
>
> 7. That he had no contact with Charles and Verna Morales, regarding policy terms, conditions or exclusions for State Farm Homeowners Policy No. 18-90-8987-9 after they cancelled their flood insurance policy on or about June 21, 2004.

(*See* Nelson Affidavit attached to State Farm's Opp., Doc. No. 8, emphasis added).

Plaintiff Charles Morales submitted a competing Affidavit in which he attests that:

> 2. He has read same and all of the allegations of fact contained in [his] petition and they are true and correct to the best of [his] knowledge and belief.
>
> 3. Plaintiff hereby declares that he met with and relied on his insurance agent, Mel Nelson, and his agent's staff for advice and expertise for **procurement** of insurance to protect his property, including any losses associated with hurricanes, **within the last three years**.
>
> 4. Plaintiff relied on the advice, experience and expertise of his insurance agent, Mel Nelson, as well as his agent's staff, upon each year he **renewed** his policy to cover his property for its full appraised value and for losses associated with hurricanes.

(*See* Morales Affidavit attached to Plaintiffs' Reply Memo., Doc.

No. 9-9, emphasis added).[4]

Under Louisiana law, insurance agents have a duty to supply their customers with correct information, and they may be liable for negligent misrepresentation when they provide incorrect information and the insured is thereby damaged. *See e.g., Venture Assocs. Inc. v. Transportation Underwriters*, 634 So.2d 4, 6-7 (La. App. 3rd Cir. 1994).

Further, a plaintiff may recover for his insurance agent's failure to procure requested insurance coverage. *Karam v. St. Paul Fire & Marine Ins. Co.*, 281 So.2d 728, 730 (La. 1973). However, if timeliness of a suit is at issue, the court recognizes that subsequent renewals of insurance polices do not restart the prescriptive period on torts committed at the time of initial purchase. *Biggers v. Allstate Ins. Co.*, 886 So. 2d 1179, 1182-83 (La. App. 5th Cir. 2004). For "each renewal to be the basis of a separate tort, the complained of conduct must consist of separate and distinct acts, each of which give rise to immediately apparent damages." *Id. quoting Bel v. State Farm Mut. Auto. Ins. Co.*, 845 So. 2d 377, 382-83 (La. App. 1st Cir. 2003).

Here, Plaintiffs' allegations against Nelson in Paragraph IV of their Petition are related to the time of procurement, but

---

[4] The court notes that Plaintiff's Affidavit was filed over Defendant's objection.

Plaintiffs' allegations in Paragraph VIII of their Petition do not specify a time frame and thus the door is open as to whether or not such allegations apply to procurement or renewal. Without further factual development, the court cannot conclude from the record or the competing (and largely self-serving) Affidavits,[5] that Defendant Nelson owed no duties to Plaintiffs or that Plaintiffs' claims are perempted. Rather, the court must resolve disputed questions of fact in Plaintiffs' favor,[6] and the court thus finds that: State Farm has not satisfied its heavy burden of demonstrating that Plaintiffs have no reasonable possibility of recovery against Nelson, the in-state Defendant; complete diversity is lacking; and the court has no subject matter jurisdiction to hear this case. Accordingly;

**IT IS ORDERED** that Plaintiffs' **"Motion to Remand"** be and is hereby **GRANTED**, remanding this case to the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana, for lack of subject matter jurisdiction.

---

[5] While the court may pierce the pleadings and consider summary-judgment evidence in evaluating a claim of improper or fraudulent joinder, the court rejects State Farm's request to allow the parties to "conduct discovery for the limited purpose of determining the timing, extent, and substance of contacts between plaintiffs and Mel Nelson from the time the policy at issue was **purchased** until suit was filed in August 2006." (State Farm's Response Memo., Doc. No. 18, p. 5, emphasis added). Not only is further factual development needed on issues related to procurement, factual development is also needed on issues related to renewal.

[6] *Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995).

New Orleans, Louisiana, this **14th** day of **February, 2007**.

A.J. McNAMARA
UNITED STATES DISTRICT JUDGE